IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE PAYNE, #112348, | ) |
| | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-296-WKW |
| | )                [WO] |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Clarence Payne ["Payne"], a state inmate, presently confined at the Fountain Correctional Facility.  In this complaint, Payne alleges that his March 5, 2007 transfer from the Alabama prison system to a private correctional facility in Basile, Louisiana violated his constitutional rights.  He maintains that such action resulted from a criminal conspiracy among the defendants in violation of 18 U.S.C. § 241 and § 242.  Payne further argues that during his confinement in Louisiana correctional officials denied him access to the courts which resulted in the dismissal of a state post-conviction action.

Payne names Richard Allen, commissioner of the Alabama Department of Corrections, Bob Riley, Governor of the State of Alabama, Patrick LeBlanc, owner of Louisiana Correctional Service, Inc., and Gary Copes, an employee of such correctional service, as defendants in this cause of action.  Payne seeks monetary damages and an order

directing the United States Attorney to criminally prosecute the defendants under 18 U.S.C. § 241 and § 242. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the complaint, the court concludes that Payne's claim challenging his transfer to Louisiana and his allegation of a conspiracy be dismissed with prejudice prior to service of process upon application of 28 U.S.C. § 1915(e)(2)(B)(i).[1] The court further concludes that Payne's claim with respect to a denial of access to the courts which occurred during his confinement at the Southeast Correctional Facility be transferred to the United States District Court for the Western District of Louisiana pursuant to the provisions of 28 U.S.C. § 1404.

## II.  DISCUSSION

### A.  Transfer to a Private Prison in Louisiana

Payne complains that the defendants transferred him to a private prison in Louisiana in violation of his due process rights. The Constitution itself does not give rise to a liberty interest in avoiding transfer to an out of state correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to an interstate transfer without implicating the Constitution); *Meachum v. Fano,* 427 U.S. 215, 224 (1976) (convicted prisoner has no

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's claims prior to service of process if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

constitutionally protected right to confinement in a particular penal facility). Although an inmate's confinement at an out of state correctional facility may entail "more burdensome conditions" than that of a correctional facility operated by the Alabama Department of Corrections such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin v. Conner,* 515 U.S. 472, 478 (1995).[2] Additionally confinement in a prison facility located outside of Alabama does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Consequently, mere transfer and subsequent confinement of Payne in a correctional facility outside the State of Alabama did not implicate the due process protection of the Constitution and such claim is therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## B.  Criminal Conspiracy

Payne seeks relief for alleged criminal actions which he contends violated his constitutional rights as prohibited by 18 U.S.C. § 241 and § 242. This request for relief, however, is subject to summary dismissal. "Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the

---

[2] In *Sandin*, the court noted that its abandonment of prior methodology for determining existence of a protected liberty interest did not require overruling the decision issued in *Olim* as the *Olim* Court correctly "concluded no liberty interest was at stake" with respect to an interstate transfer. 515 U.S. at 484, n.5.

United States. There is no private right of action under this criminal statute. *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D. N.Y. 1985).... Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)." *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997). Thus, Payne is precluded from obtaining relief under these code sections "because, as criminal statutes, they do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings. *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003). Payne's claim arising under 18 U.S.C. § 241 and § 242 is therefore due to be summarily dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. 42 U.S.C. § 1983 Conspiracy Claim

It is well established that "42 U.S.C. § 1983 ... is the civil side of sections 18 U.S.C. §§ 241, 241." *Williams v. Allen*, 439 F.2d 1398, 1400 (5th Cir. 1971); *see also Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) ("Conspiring to violate another's constitutional rights violates section 1983."). Thus, the court construes the instant complaint as presenting a conspiracy claim under 42 U.S.C. § 1983. Nevertheless, this claim likewise provides no basis for relief.

Payne makes the specious allegation that all the adverse actions about which he complains resulted from a conspiracy among the defendants. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the plaintiff's complaint. At best, the assertions made by Payne are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy between the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must, at the least, plead facts demonstrating that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing that the parties "reached an understanding" to violate plaintiff's rights, is insufficient to allege the existence of a conspiracy).

Other than his suppositious allegations, Payne presents nothing, nor can this court countenance any evidence, to indicate that the defendants entered into a conspiracy to deprive him of his constitutional rights. In light of the foregoing, the court concludes that the plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983 and are therefore due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### D. Access to Court

Payne maintains that during his incarceration at the private facility in Louisiana he

lacked adequate access to the courts which "caused plaintiff to lose his post conviction relief case in the Circuit Court of Mobile County, Alabama because plaintiff could not respond." *Plaintiff's Complaint - Court Doc. No. 1* at 3.

A civil action filed under the authority of 42 U.S.C. § 1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The individuals responsible for conditions at the Southeast Correctional Center reside in the State of Louisiana. Those actions relevant to the alleged denial of access to the courts occurred within the jurisdiction of the United States District Court for the Western District of Louisiana. Thus, the claims asserted by the plaintiff with respect to his access to court claim are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this claim is the United States District Court for the Western District of Louisiana.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties the plaintiff's challenge to the access to court provided during his confinement at the Southeast Correctional Center should be transferred to the

United States District Court for the Western District of Louisiana for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to the constitutionality of his transfer to the Southeast Correctional Center be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's criminal conspiracy claim be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The plaintiff's civil conspiracy claim be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The plaintiff's claims against defendants Richard Allen and Bob Riley be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

5. Bob Riley and Richard Allen be dismissed as defendants in this cause of action.

6. This case, with respect to the plaintiff's access to court claim arising during his confinement at the Southeast Correctional Center in Basile, Louisiana, be transferred to the United States District Court for the Western District of Louisiana pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before May 7, 2008 the parties may file objections to this

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23 rd day of April, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE